Opinion of the court delivered by
Judge Catron.
John M’Kinney sued Wm. Colville and gave Michael M’Kinney as security for the costs, who “acknowledged himself said plaintiff’s security in the sum of two hundred dollars, conditioned for prosecuting the suit with effect, or payment of all costs and damages incident on failure thereof.”
At one term of the court John M’Kinney suffered a non suit, which was set aside by the court, on the payment of the costs of the term, and the suit progressed. For these costs a ca. sa. issued during the progress of the suit, against John M’Kinney — he was taken and compelled to take the benefit of the insolvent debtors’ act. The amount of cost's was $>8 25. A scire facias was then run against Michael M’Kinney, to show cause why he should not pay the costs of the non suit. On motion for judgment the circuit court refused it, and quashed the scire facias, from which judgment Colville appealed in error to this court.
We are called upon to give a construction to the act of 1787, ch. 19, perhaps, for the first time where incidental costs have been given, in cases of new trials, non suits and continuances. This act the court has formerly holden should he strictly construed. In favor of a security this must be so: He is never bound further than his obligation and the express laws of the land render him liable.
The preamble informs us of the evil the legislature intended to guard against, to wit, vexatious law-suits, without cause of action to sustain them. The legislature, in effect, required security that the plaintiff had a good cause of action, and that he should approve this by a final recovery. The cause of action, of course, the security will and ought to examine before he undertakes for the plaintiff, We are to ascertain what was the intention of *449 the legislature in 1787, and not give the act a construe- . _ tion nozo, it would not then bear, it is doubtful whether it was the practice at that day, to give costs on setting aside non-suits, and to collect the same by execution during the progress of the cause. In cases of costs being awarded as a condition upon which a cause was continued, it was, In 1787, unlawful to grant the continuance until the costs were paid by the act of 1779, ch. 4, sec. 5. What the practice was in cases of non-suits and new trials we do not know, and it is useless to inquire. The legislature refers to no such case in the act of 1787.— Such, it is believed, has been the uniform construction of the act by the officers of court who take the bonds for prosecution. The condition of the bond is that the plaintiff shall prosecute his suit with effect, or, in case he fail therein, shall pay and satisfy all costs and damages that may be awarded against him.
The plaintiff alleges a certain cause of action in his writ. This he sets out in legal -detail by his declaration; if the cause of action be a good one, is sustained by proof and made effectual by the judgment of the court in plaintiff’s favor, — then the condition of the bond is complied with. The bond will bear no other fair construction. As an evidence of what the law is, the uniform condition ot the bond, for thirty or forty years, is most satisfactory, not to say conclusive, in a case left but little doubtful by the words of the statute. It is by the final judgment for costs against the plaintiff that the bond for prosecution is forfeited which will cover all costs; and if the defendant has judgment, we do not imagine but that the security for the prosecution with effect, will be bound for all legal costs, taxed against the plaintiff. How the suit of John M’Kinney against William Colville hasbeen determined we are not informed by the record. We must suppose it yet pending. It is admitted, .however, on both sides, that John M’Kinney recovered below, against Wm. Colville.
We are of opinion, that neither by the words of thé act of 1787, or by the condition of his bond, is the defen *450 dant subject to pay the costs set forth in the scire facias„ that the judgment below should be affirmed.
A Miller’ for Plaintiff in error.